**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **CAROL TURNER,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Civil Action No. _____** |
| | § | |
| **ENCOMPASS INDEMNITY COMPANY,** | § | |
| *Defendant.* | § | **JURY REQUESTED** |

**DEFENDANT ENCOMPASS INDEMNITY COMPANY'S**
**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that DEFENDANT ENCOMPASS INDEMNITY COMPANY (hereinafter "ENCOMPASS" or "Defendant") files its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), and would show as follows:

**INTRODUCTION**

1.       This is an insurance coverage and bad faith case arising out of a motor vehicle accident which occurred on or about April 30, 2018. PLAINTIFF, CAROL TURNER, ("Plaintiff") filed her Original Petition on September 28, 2021, in Cause No. 2021CV03507 in the County Court Law 3 of Bexar County, Texas, initiating a civil cause of action against Defendant, ENCOMPASS INDEMNITY COMPANY.

2.       Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant ENCOMPASS, the lone proper Defendant, as set forth below.

3.       Defendant ENCOMPASS was served with Plaintiff's Original Petition and Citation on or about October 7, 2021; then, filed and served its Original Answer in state court on November 1, 2021.

4.       Plaintiff alleges multiple claims and causes of action against Defendant related to

Page 1 of 6

Defendant's handling of an insurance claim submitted by Plaintiff for uninsured motorist benefits.

Plaintiff specifically requested a declaratory judgment and alleged non-compliance with Chapters

541.061 and 542.060 of the Texas Insurance Code, violations of the Texas Deceptive Trade

Practices Act, and breach of the duty of good faith and fair dealing.

5.      Defendant ENCOMPASS INDEMNITY COMPANY now files this Notice of Removal

based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice

of Filing Notice of Removal with the state court in which this case was previously pending.

## GROUNDS FOR REMOVAL

6.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C.

§ 1332(a) because the parties involved are citizens of different states, and the matter in controversy

exceeds $75,000.00, exclusive of interest and costs.

**A.      Complete Diversity Exists Between the Parties.**

7.      According to Plaintiff's Original Petition, at the time this action was commenced,

Plaintiff was and still is, domiciled the State of Texas and is a citizen of the State of Texas.[1]   In

determining diversity jurisdiction, the state where someone establishes his domicile serves a dual

function as her state of citizenship.[2]   A person's state of domicile presumptively continues unless

rebutted with sufficient evidence of change.[3]   "Evidence of a person's place of residence . . . is

prima facie proof of his domicile."[4]   Furthermore, once established, "[a] person's state of domicile

presumptively continues unless rebutted with sufficient evidence of change."[5]   Thus, for purposes

---

[1] See *Plaintiff's Original Petition,* "Parties" ¶ 2, included with the Index of State Court Papers attached as
    Exhibit A.
[2] *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564 (5th Cir. 2011).
[3] *Id.*
[4] *Id.* (citations omitted).
[5] *Id.*

of diversity of citizenship, Plaintiff is considered a Texas citizen.

8.    At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, Defendant ENCOMPASS was and is incorporated in the State of Illinois. Accordingly, Defendant is not a citizen of the State of Texas for purposes of federal diversity jurisdiction.

**B.    The Amount in Controversy Exceeds $75,000.**

9.    Additionally, the claims asserted by Plaintiff exceed $75,000.00.  Plaintiff's Original Petition specifically states that the state court has jurisdiction over the case because Plaintiff seeks "monetary relief of $250,000.00 or less."[6] In addition, the subject insurance policy reference in the Plaintiff's Original Petition has applicable limits of 100/300 subject to the terms and conditions thereof. Further, Plaintiff seeks "a declaratory judgment…statutory or punitive damages and penalties, and attorney fees and cost."[7]  Plaintiff further requests:

"1.    Actual damages;

2.    Punitive damages;

3.    Pre-judgment and post-judgment interest as allowed by law;

4.    Attorney fees; and

5.    Such other and further relief to which Plaintiff may show herself justly entitled."[8]

10.    In addition, Plaintiff requested that the case be governed by a state court level 3 discovery control plan rather than a level 1 discovery control plan for expedited actions with

---

[6] See *Plaintiff's Original Petition,* "Jurisdiction & Venue," ¶ 6, included with the Index of State Court Papers attached as Exhibit A.
[7] See *Plaintiff's Original Petition*, "Causes of Action," ¶ 13, included with the Index of State Court Papers attached as Exhibit A.
[8] See *Plaintiff's Original Petition*, "Prayer," Page 6, included with the Index of State Court Papers attached as Exhibit A.

amounts in controversy under $100,000.00 pursuant to Rules 169 and 190.2 of the Texas Rules of

Civil Procedure.[9]

11.     Based upon the "face of the petition" it is apparent the claims are likely to exceed

$75,000.00.  See, *Manguno*, id at 723; see also, *Chavez v. State Farm Lloyds*, No. 17- 40861, (U.S.

Ct. of App., 5th Cir., Aug. 15, 2018), (copy attached).  Finally, Plaintiff has not filed a binding

stipulation to accept only less than the jurisdictional amount, cited a law limiting her recovery, nor

otherwise proved to a legal certainty that her recovery would be less than $75,000.00. *See, e.g.*,

*id.*; *De Aguilar*, 47 F.3d at 1412.

## VENUE

12.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a)

because this district and division embrace the place in which the removed action was pending, in

the County Court Law 3 of Bexar County, Texas, and a substantial part of the events giving rise

to Plaintiff's claims allegedly occurred in that district.

## PROCEDURAL REQUIREMENTS

13.     Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A hereto is an *Index of State*

*Court Papers* and copies of all process, pleadings, orders, and the docket sheet on file in the state

court lawsuit.  Additionally, attached as Exhibit B is a *List of Parties and Counsel* relating to this

action, and attached as Exhibit C hereto is an *Index of Matters Being Filed* in this action.  Each of

the exhibits is incorporated herein and made a part hereof for all pertinent purposes.

14.     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written

notice of the filing will be given to Plaintiff's counsel.

---

[9] *See Plaintiff's Original Petition,* "Discovery," ¶ 1, included with the Index of State Court Papers attached as Exhibit A; TEX. R. CIV. PROC. 169; 190.2.

15.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of Defendant's Notice of Removal will be filed with the District Clerk of Bexar County, Texas, promptly after Defendant files this Notice.

16.     This Notice of Removal is being filed within thirty (30) days of service of the citation and the Plaintiff's Original Petition upon the earliest served Defendant, and is thus timely filed under 28 U.S.C. §1446(b).   There exists an actual and justiciable controversy between Plaintiff CAROL TURNER and Defendant ENCOMPASS INDEMNITY COMPANY with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, DEFENDANT ENCOMPASS INDEMNITY COMPANY respectfully requests that the above-captioned action now pending in the County Court Law 3 of Bexar County, Texas be removed to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

**ORTIZ & BATIS, P.C.**

By: _____
            Edward J. Batis, Jr.
            State Bar No. 01915470
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: 210-344-3900
Facsimile:  210-366-4301
**ejbsupport@ob-lawpc.com
**ATTORNEYS IN CHARGE,
DEFENDANT ENCOMPASS INDEMNITY
COMPANY**

***SERVICE TO THIS EMAIL ADDRESS ONLY*

Page 5 of 6

## CERTIFICATE OF SERVICE

On November 4, 2021, the foregoing document was served in compliance with the Federal Rules of Civil Procedure by mail, hand delivery, telecopier transmission, or CM/ECF electronic notice to the following:

Mr. Andrew E. Toscano
GENE TOSCANO, INC.
846 Culebra Road
San Antonio, Texas 78201
Facsimile:  210-732-6091
atoscano@genetoscano.com

_____
Edward J. Batis, Jr.